**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                                          **CRIMINAL CASE NO. 5:11cr7DCB-LRA**

**RICKY L. WEDGEWORTH and
DARIAN PIERCE, a/k/a "Drake**

## ORDER SETTING TRIAL DATE
## AND APPOINTING COUNSEL

This matter came before the Court for a hearing on the Government's Motion for Determination and Finding of Complexity and Excludable Time under Provisions of Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii) [doc 13]. Counsel agreed that the case is complex, both because of the volume of discovery material and because of the procedure by which the Department of Justice will decide whether to pursue the death penalty as a possible sentence in this matter. Given these considerations, the Defendants waived their right to a speedy trial under § 3161. The Court finds, therefore, in accordance with § 3161(h)(7)(B)(ii), that this case is so complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings, or for the trial itself, within the time limits established by § 3161. It is, therefore, ordered that the proceedings in this case be scheduled as follows:

1.    The United States Attorney shall submit his recommendation regarding sentencing to the Department of Justice on or before November 15, 2012.

2.    The Defendants shall submit any mitigation evidence they want considered to the Department of Justice on or before March 15, 2012.

3. The United States Attorney shall notify the Court and the parties on or before April 15, 2012, if he intends to seek the death penalty as a possible sentence in this case.

4. Non-dispositive motions shall be filed on or before June 15, 2012.

5. Dispositive motions shall be filed on or before July 15, 2012.

6. The trial of this action is set before District Judge David Bramlette, at the federal courthouse in Natchez, Mississippi, beginning at 9:00 a.m. on August 6, 2012.

It is further ordered that the Federal Public Defender, who qualifies as counsel in this case in accordance with 18 U.S.C. § 3599(b), shall represent Defendant Ricky L. Wedgeworth. The Court finds that good cause exists to appoint a second attorney to represent Wedgeworth, in accordance with § 3599(d), due to the seriousness of the possible penalty and the unique and complex nature of this litigation. The Court further finds that Terence High qualifies as counsel under § 3599(b), and he is also appointed to represent Wedgeworth. The Court finds that Joseph Hollomon is qualified under § 3599(b) to represent Defendant Darian Pierce, and he is so appointed. For the reasons previously given, the Court finds that second counsel should be appointed to represent Pierce. Aafram Sellers is qualified under § 3599(d) to represent Pierce, and he is so appointed. These appointments are effective *nunc pro tunc*, as of October 12, 2011, and they shall remain in effect throughout every subsequent stage of available judicial proceedings, including appeals, post-conviction processes, competency proceedings, and proceedings for executive or other clemency.

With the exception of the Federal Public Defender, all appointed counsel shall be paid at the maximum allowable rate for a capital case. Should the Government notify the Court that the death penalty will not be sought for either or both Defendants, the Court will make an appropriate reduction in the number of counsel and the compensation rate.

While there is no statutory maximum amount for attorneys' fees in a capital case, counsel are advised that, pursuant to the Judicial Counsel of the Fifth Circuit's "Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases," any request for compensation in excess of $100,000 at the district court level is considered to be presumptively excessive. This language applies to requests for attorney compensation and not to requests for reimbursement of out-of-pocket expenditures or expert fees. The presumptive cap is based on the cumulative attorneys' fees in a single case. If the fees submitted by counsel reach or exceed $100,000, the reimbursement of fees in excess of that amount must be justified by the requesting attorney in a written submission filed with the presiding judicial officer in the district court. Counsel are encouraged to submit interim vouchers.

Counsel shall submit a budget estimating the fees and expenses that will be incurred in preparing to defend this case through the time that the Department of Justice determines whether to seek the death penalty. Should the Department of Justice decide to seek the death penalty, another budget must be submitted to estimate the fees and costs that will be incurred through the guilt and penalty phases of the trial. The initial budget shall be submitted, *ex parte*, to the presiding judge, on or before November 30, 2011. The due date for the second budget will be established at a later date.

It is so ordered, this the 27th day of October, 2011.

/s/ Linda R. Anderson
LINDA R. ANDERSON
UNITED STATES MAGISTRATE JUDGE